IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENDI KRAEMER and ANGELS JOURNEY HOME RESCUE, a non-profit corporation, | ) CIVIL DIVISION ) ) |
| | ) Case No: 2:22-cv-01232-MRH |
| Plaintiffs, | ) ) Chief Judge Mark R. Hornak |
| vs. | ) ) |
| | ) *Electronically Filed* |
| ROSTRAVER TOWNSHIP, et al., | ) ) |
| Defendants. | ) **JURY TRIAL DEMANDED** |

## ANDREA PALMER AND ALL BUT FURGOTTEN'S BRIEF IN SUPPORT OF MOTION TO DISMISS

AND NOW, comes Defendants, ANDREA PALMER AND ALL BUT FURGOTTEN, INC. by and through their counsel, MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN and ESTELLE K. McGRATH, files the within BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS, averring as follows:

### I. PROCEDURAL AND FACTUAL HISTORY

Wendi Kraemer ("Plaintiff") is the owner and CEO of Angels Journey Home Rescue ("Plaintiff Rescue") (collectively referred to as "Plaintiffs"), which is a non-profit that works with African American and other veterans by providing them with service and therapy dogs. (ECF 1 at ¶¶ 5, 20). Plaintiff alleges that Defendant Andrea Palmer (Palmer), acting in her capacity as a humane officer for Defendant All But Forgotten, Inc. ("ABF"), made "false" statements via text messages to volunteers claiming that Plaintiff was a "hoarder" and that she did not "properly" vet her animals. *Id*. at ¶ 52-53.

Plaintiffs filed the pending Complaint asserting only one count -Common Law Libel (Count VIII)- against Palmer and ABF. Out of the 149-paragraph Complaint, there are limited

allegations plead against Palmer and ABF.  Palmer and ABF now challenge the sufficiency of Plaintiffs' claim and sets forth this Brief in Support of the Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

## II.      STANDARD FOR MOTION TO DISMISS

To survive a Motion to Dismiss, the plaintiff must plead facts that set forth a "plausible" right to recovery.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007).  In determining the sufficiency of a complaint challenged under Rule 12(b)(6), the court must conduct a two-part analysis.  First, the Court should separate the factual and legal elements of the claims.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  Second, the Court must determine whether the factual matters alleged are sufficient to establish that the plaintiff has a "plausible claim for relief."  *Id*. at 211.

Even under the federal notice pleading standard, "a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it."  *Musila v. Lock Haven Univ.*, 970 F. Supp. 2d 384, 389 (M.D. Pa. 2013).  When ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the court must accept all well pleaded allegations as true.  *Schrob v. Catterson*, 948 F.2d 1402, 1405 (3rd Cir. 1991).

## III.     ARGUMENT

The claim of libel against Palmer and ABF fails to state a claim upon which relief may be granted.  Libel is "a maliciously written or printed publication which tends to blacken a person's reputation or to expose her to public hatred, contempt, or ridicule, or to injure her in her business

---

[1] Defendants' Counsel met and conferred with Plaintiffs' Counsel about the legal insufficiencies prior to the filing of the instant Motion.  *See* Certification of Meet and Confer.

or profession." *Beckman v. Dunn*, 279 Pa. Super. 527 (1980). To establish a *prima facie* case of libel, a plaintiff must prove: (1) the defamatory character of the communication; (2) publication by the defendant; (3) its application to the plaintiff; (4) understanding by the recipient of its defamatory meaning; (5) understanding by the recipient of it as intended to be applied to plaintiff; (6) special harm to the plaintiff; (7) abuse of a conditionally privileged occasion. 42 Pa. Cons. Stat. Ann. § 8343(a) (West 2000); *Tucker v. Philadelphia Daily News*, 757 A.2d 938, 942 (Pa. Super .Ct. 2000).

### A. PLAINTIFFS FAIL TO STATE A CLAIM OF LIBEL AGAINST PALMER.

The statements alleged to have been made by Palmer are not defamatory. It is well established that a court must determine as a matter of law whether a particular communication is capable of defamatory meaning. *U.S. Healthcare v. Blue Cross of Greater Phila.*, 898 F.2d 914, 923 (3d Cir. 1990). Our Courts have explained that

> [a] communication is considered defamatory if it tends to harm the reputation of another so as to lower [her] in the estimation of the community or to deter third person from associating or dealing with [her]." See *Goralski v. Pizzimenti*, 115 Pa. Cmwlth. 210, 540 A.2d 595, 597-98 (1988) . . . Words that are merely annoying, embarrassing, or uncouth do not qualify as defamatory. See *Beverly Enters. v. Trump*, 182 F.3d 183, 187 (3d Cir. 1999); *Marier Lance, Inc.*, No. Civ. A. 06-1298, 2007 WL 3120263, at *4 (W.D. Pa. Oct. 23, 2007).

*Purcell v. Ewing*, 560 F. Supp. 2d 337, 341 (M.D. Pa. 2008).

Palmer is alleged to have texted volunteers that were temporarily housing animals, due to a fire, not to return the animals to Plaintiff. (ECF 1 at ¶¶ 50-51). She is further alleged to have said that Plaintiff was a "hoarder" and did not "properly" vet her animals. *Id.* at ¶¶ 52-53. Pennsylvania appellate courts have found similar type of comments to be nondefamatory as a

matter of law.  In *Scott-Taylor, Inc. v. Stokes*, a real estate builder and developer sued for libel when a Board of Supervisors of the Township remarked at a meeting that his prior project looked like chicken coops.  229 A.2d 733 (Pa. 1967).  The court explained that the supervisor "chose to use a synonym, instead of describing the buildings in any technical, architectural language."  *Id.* at 734.  The Court stated that it is not enough that a victim be embarrassed or annoyed, but that he must have suffered the kind of harm which has "grievously fractured his standing in the community of respectable society."  *Id.*  This Court explained that to "allow a recovery in a case of this kind would be to seriously infringe on the right of free speech."  *Id*.

Further, superimposed upon these considerations, Pennsylvania courts have explained that a mere expression of opinion is not actionable and only statements of fact can support an action for libel.  *Elia v. Erie Ins. Exch.*, 634 A.2d 657, 660 (Pa. Super. Ct. 1993)*; Mzamane v. Winfrey*, 693 F. Supp. 2d 442, 447 (E.D. Pa. 2010).  Whether a particular statement or writing constitutes fact or opinion is a question of law for the court to determine.  *Elia*, *634 A.2d at 660.*  *See also* Mzamane, 693 F. Supp. 2d at 481.  See *Krajewski v. Gusoff*, 53 A.3d 793, 803 (Pa. Super. Ct. 2012) (dismissing libel claims as to publications that were "matters of opinion").

Bearing this in mind, even taking the limited allegations alleged against Palmer as true, they do not support an action for defamation.  Here, one alleged comment by Palmer was that Plaintiff was a hoarder.  (ECF 1 at ¶ 53).  The word "hoarder" in and of itself is not defamatory (similar words are "one who collects, saves or accumulates things"[2]).[3]  Courts have found more questionable words as nondefamatory.  See *Purcell v. Ewing*, 560 F. Supp. 2d 337, 341 (M.D.

---

[2] *Online Oxford Dictionary*.
[3] See *Shipkovitz v. The Washington Post Co.*, 571 F. Supp. 2d 178, 185 (D.D.C. 2008), aff'd 408 F. App'x 376 (D.C. Cir. 2010) (holding hoarder comment was not libelous).  See also, *Polejwski v. Metzger*, 2011 MT 252N, ¶ 19, 363 Mont. 413 (holding hoarder statements were either true or did not bear a defamatory meaning).

Pa. 2008) (granting a motion to dismiss a defamation claim as a matter of law despite posts including comments about "someone accused of child molestation" "pervert" or looking like an "individual who had perpetrated a crime" as opinions that would have no effect on plaintiff's reputation).  See also, *McAndrew v. Scranton Republican Publishing Co.*, 72 A.2d 780 (Pa. 1950) (holding characterization of politician as favoring "a little Communism" as nondefamatory); *Redding v. Carlton*, 296 A.2d 880 (Pa. Super. 1972) (holding that accusations against township supervisor of conflict of interest and "perhaps much more" as nondefamatory).  Here, the "hoarder" comment is similar to the comment made by the supervisor in *Scott-Taylor* (describing the buildings/property as chicken coups, which was also determined to be nondefamatory).  Accordingly, the alleged hoarder comment cannot be found as defamatory nor actionable under Pennsylvania law.

Regardless, the remark as plead was couched exclusively in the language of Palmer's opinion.  Further, the pleading contains no implied factual assertions (i.e., that Palmer had been to Plaintiff's property and saw her home).  *See Beckman*, 279 Pa. Super. at 660 (explaining that a defamatory communication may consist of a statement in the form of an opinion, but a statement of such nature is actionable only if it implies the allegations of undisclosed defamatory facts as the basis for the opinion).  This Complaint is void of any "facts" alleged to have been written by Palmer.  As such, this was purely opinion.

Further, even if Plaintiff was embarrassed or annoyed by the opinion, such is of no consequence.  As the *Scott-Taylor* Court explained a plaintiff

> must know that there is a great deal of unkindness in the world and considerably more loose talk.  If every person who is offended in the manner indicated here, were to run to court for balm for his injured feelings, there would not be enough courthouses in the land

5

> to accommodate the resulting litigation. There must be more than an abrasion of sentiment before the law requires that the courts tender therapeutic treatment and surgical attention.

*Scott-Taylor*, 229 A.2d at 733-734. Here, the alleged comment made by Palmer would not fracture Plaintiffs' standing in the community so as to blacken their reputation, or as the *Scott-Taylor* Court explained "grievously fractured [their] standing in the community of respectable society." *Id.*

The other alleged comment of not "properly" vetting the animals is not defamatory and was also couched as a mere expression of Palmer's opinion. The word "properly" supports that the alleged statement is a view or judgment formed by Palmer (i.e. an opinion). Certainly, whether something is done "properly" is strictly opinion. A reasonable person would interpret these comments as Palmer's opinions. See, *Braig v. Field Communications*, 456 A.2d 1366 (Pa. Super. 1983) (expression of opinion is not actionable in defamation unless reasonably understood to imply defamatory allegation of fact).

Additionally, those comments would have no effect on Plaintiffs' reputation, so as to lower their estimation in the community or deter third persons from associating or dealing with them. Significantly, the public docket shows[4] that Plaintiff has a criminal history under multiple aliases (Wendi Garza, Wendy Kramer, Wendi A. Kraemer, Wendi S. Garza) including, but not limited to, multiple charges relating to dog law enforcement violations and bad checks.[5] While truth is an absolute defense to a defamation claim, for the purposes of this Motion, these dockets

---

[4] This Honorable Court can take judicial notice of public records and dockets at the motion to dismiss stage. See *Smierciak v. City of Pittsburgh Police Dept.*, No. 2:18-CV-00734-MJH, 2018 WL 6790312, at *2 (W.D. Pa. Dec. 26, 2018) (explaining the legal authority for a court to take judicial notice at any stage of the proceeding). It is well established that the Court does not need to accept as true allegations contained in a complaint that are contradicted by matters of which the court may take judicial notice. *Metzger v. Allegheny Cnty.*, No. CV 20-73, 2021 WL 2865446, at *7 (W.D. Pa. July 8, 2021).
[5] http://ujsportal.pacourts.us/docketsheets/  (Site last visited 11/16/2022).

should be considered in regard to the alleged "harm" or "reputation" alleged by Plaintiffs. Plaintiff plead guilty on two separate charges of bad checks (18 § 4105 §§ A1) relating to offense dates of June 18, 2013 and June 20, 2013. *See* Exhibit to Motion, 1 (Docket Numbers: MJ-10302-NT-0000153-2013 and MJ-10302-NT-0000154-2013). Thereafter, Plaintiff was found guilty of various charges relating to dog licenses (nine), vaccinations against rabies required (eight), health certificate for importation (sixteen) and unlawful to operate kennel without licenses (two) in February of 2016. *See* Exhibit to Motion, 2 (Public Court Summary and eight separate dockets as examples). Certainly, an alleged text message containing Palmer's opinion to volunteers did not place Plaintiffs in a "false light" to members of the community, especially in light of the public docket showing a history of guilty pleas for bad checks and dog-related charges. Thus, Plaintiffs have failed to state a libel claim against Palmer.

### B. THE LIBEL COUNT AGAINST ABF ALSO FAILS.

For the same reasons that the claim fails against Palmer, Plaintiffs' libel count fails against ABF. Plaintiffs have sued ABF as a result of the alleged statements made by their volunteer. Since the claims against Palmer fail, the claims against ABF fail as well. Notably, the Complaint is void of any factual allegations as it relates to ABF. For the aforementioned reasons, Plaintiffs' claims against ABF fail.

### C. DEFENDANT PALMER IS IMMUNE FROM CIVIL LIABILITY AND IS ENTITLED TO A CONDITIONAL PRIVILEGE.

Even if this Honorable Court finds that Plaintiffs have stated a libel claim against these Defendants, Palmer is entitled to civil immunity from the libel claim, stemming from statements alleged to have been made by her while on duty as a humane officer. Pennsylvania law protects humane officers from civil liability: "A humane society police officer acting in good faith and

within the scope of the authority provided under this subchapter shall not be liable for civil damages as a result of an act or omission in the course of an investigation or enforcement action." 18 Pa. C.S. § 5557(a).  Here, Plaintiffs allege that Palmer was acting in her capacity as a humane officer.  (ECF 1 at ¶11).  There are no <u>facts</u> plead in the Complaint that would support Palmer not being entitled to immunity under this general rule.

While the statute provides an exception for civil liability when there is an "act or omission intentionally designed to harm, or . . . an act or omission that constitutes gross negligence or willful, wanton or reckless conduct", there are no facts pled to support the exception.  18 Pa. C.S. § 5557(b).  Instead, Plaintiffs plead legal conclusions that she "intentionally made false and defamatory statements." (ECF 1 at ¶33).  The alleged statements fall squarely in line with Palmer's opinion in her capacity as a humane officer.  Humane Officers' duties include investigation of allegations of cruelty and neglect of animals.[6]

Our Courts have explained that "a publisher of defamatory matter is not liable if the publication was made subject to a privilege, and the privilege was not abused." *Chicarella v. Passant*, 494 A.2d 1109, 1112-12.  (Pa. Super 1985).  See *Beckman v. Dunn*, 419 A.2d 583, 587 (Pa. Super. 1980) (explaining that examples of occasions giving rise to conditional privileges are: (1) when some interest of the publisher of the defamatory matter is involved; (2) when some interest of the recipient of the matter, or a third party is involved; or (3) when a recognized interest of the public is involved).  Here, Palmer is alleged to have been acting in her capacity as a humane officer, which gave her an interest in the matter.  She is alleged to have been communicating with volunteers who were temporarily housing Plaintiffs' animals after the fire.

---

[6] Title 18, Chapter 55, Subchapter B of the Pennsylvania Crimes Code.

(ECF 1 at ¶¶ 49-51).  Thus, she would have an interest in the care of those animals.  Further, the recognized interest of the public was involved as it related to the care of those rescued animals and her duties as a humane officer.

Despite Plaintiffs' conclusory allegation that their reputation in the community was harmed, they have failed to plead any facts to support that claim.  Again, the public dockets show Plaintiff's history of pleading guilty to dog-related and bad check charges.  Baseless and conclusory statements are simply not enough to push this claim from conceivable to plausible.  *Twombly*; *Iqbal*.  It is well established law that a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it.  *Musila,* 970 F. Supp. at 389.  Therefore, Palmer is entitled to civil immunity in her capacity as a humane officer.

### D. FUTILITY OF AMENDMENT

Moreover, Palmer and ABF request that this Court deny Plaintiffs leave to amend.  The court may deny leave to amend if equitable considerations render it unjust.  *Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) (citation omitted).  "Among the factors that may justify denial of leave to amend are undue delay, bad faith, and futility."  *Id.*  The 149-paragraph Complaint contains ten counts purportedly containing "facts" supporting Plaintiffs' claims.  It is notable that beyond the identification of Palmer and ABF, there are limited "factual" paragraphs even mentioning these Defendants.  See ECF 1 at 52-55.  Regardless, Plaintiffs failure to allege the existence of any comments capable of supporting a defamation action is fatal to their claims.  Accordingly, any leave to amend would be futile.

### IV.     CONCLUSION

For the reasons set forth above, Palmer and ABF respectfully request this Honorable Court grant its Motion to Dismiss Count VIII of Plaintiffs' Complaint against Andrea Palmer and All But Furgotten for failure to state a claim and dismiss them from this litigation with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY**
**WARNER COLEMAN & GOGGIN**

BY:    /s/ Estelle K. McGrath
ESTELLE K. McGRATH, ESQUIRE
PA ID #87799
**Counsel for Defendants All But Furgotten, Inc. and Andrea Palmer**
Union Trust Building
501 Grant Street, Suite 700
Pittsburgh, PA  15219
(412) 803-1186 // (412) 803-1188 fax
ekmcgrath@mdwcg.com

LEGAL/149716551.v1